Filed 7/25/22 San Joaquin County Dept. of Child Support etc. v. Alvarez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| SAN JOAQUIN COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | C092884 |
| Plaintiff and Respondent, | (Super. Ct. No. STA-FL-FSC-2019-0006659) |
| v. | |
| AARON SHIELDS ALVAREZ, | |
| Defendant and Appellant. | |

On September 29, 2020, the San Joaquin County Department of Child Support Services (the Department) obtained a ruling against defendant Aaron Shields Alvarez requiring Alvarez to pay child support and related orders for the care of the child, A.A. Alvarez appealed and has filed an appellate brief in propria persona, which we understand to challenge the superior court's exercise of jurisdiction and its paternity determination.[1] The Department chose not to file a responsive brief on appeal and

---

[1] Alvarez's brief also argues that the State of California is the "true" parent and is required to care for the minor, but he does not explain how this would excuse his personal obligation to pay child support or otherwise undermine the validity of the superior court's order. As such, we will not further address the argument herein.

1

declined to appear at oral argument. Nonetheless, Alvarez maintains the burden on appeal of affirmatively demonstrating trial court error that has prejudiced him. (Cal. Const., art. VI, § 13.) He has not done so. Accordingly, we must affirm the trial court's ruling.

## DISCUSSION

At the outset, we observe that Alvarez is not entitled to special treatment by this court even though he is representing himself without the assistance of an attorney. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) Rather, we are required to hold him to the same standards as a practicing attorney. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) While the implications of this rule may be harsh, it is not intended to penalize self-represented litigants. Instead, it is necessary to maintain the stability and smooth operation of the courts.

As recognized by the Supreme Court in *Denham v. Superior Court* (1970) 2 Cal.3d 557, "it is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Id*. at p. 564, original italics; see also Cal. Const., art. VI, § 13 [forbidding reversal of judgment absent a showing of error that "has resulted in a miscarriage of justice"].) It is an appellant's fundamental burden to overcome this presumption by affirmatively demonstrating error, which necessarily includes providing a record supporting such error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Foust v. San Jose Construction Co.*, *Inc*. (2011) 198 Cal.App.4th 181, 187 (*Foust*).) Failure to provide an adequate record requires resolution of the appeal against the appellant. (*Foust, supra*, at p. 187.)

Here, Alvarez summarily argues the superior court acted without jurisdiction because "there's no evidence of the tangible (a man) living in the intangible (city of

2

CLEAR LAKE, CALIFORNIA)," that "man" falls outside of the definition of "Person" under "California [Civil] Code section 1798.3(f),"[2] and that the court erred in determining he was the biological father of A.A. However, Alvarez fails to provide an adequate record to review these claims. Rather, the record is devoid of any pleadings or documentary evidence offered by the Department in this matter. This alone compels denial of his appellate claims. (See *Maria P. v. Riles, supra*, 43 Cal.3d at pp. 1295-1296; *Foust, supra*, 198 Cal.App.4th at p. 187.)

Further, a review of the reporter's transcript provided in the limited record compiled on appeal reveals that Alvarez provided a voluntary declaration of paternity in 2015, and admitted to the court that he lived in Clear Lake, California. Accordingly, Alvarez's claims of superior court error necessarily fail.

DISPOSITION

The superior court ruling is affirmed.

            KRAUSE         , J.

We concur:

        ROBIE           , Acting P. J.

        DUARTE        , J.

---

[2] Civil Code section 1798.3, subdivision (f) defines " 'person' " for purposes of the Information Practices Act of 1977 as "any natural person, corporation, partnership, limited liability company, firm, or association." Even if this code section applied, we are not convinced that a "man" should be excluded from this definition.

3